UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ALANA MARIE SOUZA, et al,

    Plaintiffs,

        v.                                    Civ. No. 3:19-cv-863(MPS))

ALGOO REALTY, LLC.
CASONA RESTAURANT, and ,
CHRISTOPHER D. ALGOO

    Defendants

## DISCOVERY RULING

### Background

Plaintiffs contend that they are ten (10) well-known professional models and/or actresses who had their images, photos and/or likenesses (collectively, "images") misappropriated, altered and published by Defendants for use in advertisements for their night club, Casona (the "Club"). Plaintiffs contend that Defendants engaged in such behavior to create the false perception with the public and potential Club patrons that Plaintiffs either worked as at the Club, endorsed same, or were otherwise affiliated with Defendants or the Club. Plaintiffs allege that no Plaintiff ever entered into an agreement authorizing the Club or Defendants to use her Images, no Plaintiff otherwise consented to the Club's use of her Images, and no Plaintiff was ever compensated for Defendants use of their Images in Defendants' advertising campaign.

As set forth in the Amended Complaint, Plaintiffs allege that Defendants' misappropriation and publication of Plaintiffs' images for commercial use violates the Lanham Act, 15 U.S.C. § 1125, for both false advertising and false association, Plaintiffs' right of privacy

1

(appropriation of likeness and false light) under Connecticut law, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b; and state law claims of Negligence and *Respondeat Superior,* Conversion, Unjust Enrichment and Quantum Meruit.[1] Plaintiffs seek compensatory and punitive damages, injunctive relief, costs and attorneys' fees

In response, Defendants filed a Motion to Dismiss [Doc. #24] on September 30, 2019, arguing that the Amended Complaint should be dismissed in its entirety for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. Rule 12(b)(6).[2] Defendants further move to strike all images pertaining to Plaintiffs Gibson, Burciaga, and Sanchez a/k/a Mayes, contained in Exhibits B-J, arguing that they are dated prior to June 4, 2016, and are outside of the statute of limitations. Last, Defendants move to dismiss all claims against Defendant Christopher D. Algoo, as an individual defendant, based on lack of personal jurisdiction. The Motion to Dismiss is fully briefed and pending before Judge Shea.

---

[1] The Amended Complaint contains the following nine causes of action: i) violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(B): False Advertising; ii) violation of §43 of the Lanham Act, 15 U.S.C. §1125(a)(1)(A): False Association; iii) Right of Privacy: Appropriation of Likeness; iv) Right of Privacy: False Light; v) Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110b; vi) Negligence and *Respondeat Superior*; vii) Conversion; viii) Unjust Enrichment; ix) Quantum Meruit.

[2] Defendants state in the 26(f) Report that they

> intent to raise special defenses including failure to state a claim upon which relief may be granted, lack of ripeness and/or standing, statute of limitations, comparative fault, release, accord, satisfaction, waiver, estoppel, laches, failure to mitigate damages, there was no confusion or misleading statements concerning the plaintiffs, the plaintiffs purported trademarks lack inherent distinctiveness and are not protected, any confusion on the part of the consumer was not material and did not affect the consumer's purchasing decision; any statements about the plaintiffs who were public figures were not made with malice; defendants action were not in bad faith; and such other defenses which are revealed after the Motion to Dismiss is addressed.

[Doc. #26 at 3].

**<u>Defendants' First Set of Interrogatories</u>**

Pending is Plaintiffs' objection to Defendants' Interrogatories and Requests for Production dated December 20, 2019, arguing that the interrogatories are in excess of the limits set forth in Fed. R. Civ. P. 33(a)(1). They argue that defendants have interposed upwards of seventy-five (75) separate questions, through the interrogatories and their subparts in violation of Rule 33(a)(1).[3] In an effort to reduce the interrogatories in dispute, defendants withdrew 1nterrogatory No. 4(a)(i)-(ix)-(b)(1)-(ix), containing eighteen (18) distinct questions as to Plaintiff Sara Underwood and withdrew Interrogatory No. 4(a)(1)-(ix); (b)(i)-(ix); and (c)(i)-(ix), containing twenty-seven (27) distinct questions as to Plaintiff Irina Voronina.

Rule 33 (a)(1) of the Federal Rules of Civil Procedure provides, "Unless otherwise stipulated or ordered by the Court, a party may serve on any other party no more than twenty-five (25) written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." Fed. R. Civ. P. 33(a)(1).

> "Courts have held that interrogatory subparts are to be counted as discrete subparts if they are not logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas,* 2004 WL 614842, at *2 (N.D. Tex. 2004) (quotation marks and citations omitted). Thus, "[i]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question." *Ibid.* On the other hand, multiple interrelated questions may constitute "a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately." *Yeager v. Corinthian Colls., Inc.,* 2002 WL 1976773, at *3 (E.D. La. 2002).

---

[3]This discovery dispute was referred to the undersigned on March 4, 2020. [Doc. #30]. The parties simultaneously submitted letter briefs dated March 2, 2020. [Doc. #29].

The parties submitted two sets of interrogatories for the Court's review directed to Plaintiffs Sara Underwood and Irina Voronina as representative of the interrogatories served on the ten (10) Plaintiffs.

*Cramer v. Fedco Auto. Components Co.,* No. 01-CV-0757E(SR), 2004 WL 1574691, at *4 (W.D.N.Y. May 26, 2004); *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.,* No. CIV. 3:01CV2198(PCD), 2003 WL 22326563, at *1 (D. Conn. Mar. 7, 2003)("A subpart is discrete and regarded as a separate interrogatory when it is logically or factually independent of the question posed by the basic interrogatory. Or, stated differently, a subpart is independent and thus discrete when it is unnecessary to the understanding of a second subpart.") (internal citations omitted); *Thompson v. Lantz*, No. 3:04CV2084 AWT, 2009 WL 3157563, at *1 (D. Conn. Sept. 25, 2009)("Upon review, each of the plaintiff's interrogatories contain discrete subparts which should be counted as separate questions. When so counted, the plaintiff's interrogatories well exceed the 25 interrogatories permitted under the rule.").

With such principles in mind, it is clear that Defendants' First Set of Interrogatories served on Plaintiffs Underwood and Voronina include more than twenty-five (25) interrogatory requests. With regard to both Plaintiff Underwood and Voronina, fourteen (14) of the twenty-five (25) individual interrogatory requests include several subparts and most of the subparts cannot be fairly characterized as so closely interrelated to the first part of the numbered request as to constitute a single interrogatory.[4] Therefore, Defendants' request for an order compelling a response to the First Set of Interrogatories and Requests for Production dated December 20, 2019 is **denied** because it exceeds the twenty-five (25) interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1). Plaintiffs' objection to Defendants' First Set of Interrogatories and Requests for Production Directed to Plaintiff Sara Underwood **[Doc. #29]** is **sustained.** Fed. R. Civ. P. 33(a)(1) affords the court discretion to permit interrogatories in excess of the twenty-five (25) limit. Defendants did not seek leave to serve more than twenty-five (25) interrogatories. Further,

---

[4] Interrogatories No. 6-9, 13 17-21 and 23 do not contain subparts.

the Court declines to rule on individual interrogatories. Defendants have the option of recasting Interrogatories up to the maximum of twenty-five (25) questions or identifying which of Interrogatories 1-25 (with subparts) they want answered, up to 25 questions allowed by Rule 33(a)(1) and this Order. Defendants will serve an Amended Set of Interrogatories and Requests for Production within 14 days of this ruling and order.

This is not a Recommended Ruling. This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this 20th day of April 2020, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge